# NFLPA
# REGULATIONS
# GOVERNING
# CONTRACT
# ADVISORS

(as amended through March, 2007)



EXHIBIT B

termine the present value of the deferred compensation shall be the rate used in Article XXIV, Section 7(a)(ii) of the 2006 CBA.

(5) A Contract Advisor who is found to have violated Section 3(B)(2) or (3) of these Regulations shall not be entitled to a fee for services provided to a player who was the subject of an improper inducement under Section 3(B)(2) or (3). In the event that the Contract Advisor collects any fees from the player before a finding of such violation, he/she shall be required to reimburse the player for such fees. If the improper inducement was a loan of money or property which was to be repaid or returned to the Contract Advisor, the money or property need not be repaid or returned by the player who was the subject of the improper inducement under Section 3(B)(2) or (3). This Section 4(B)(5) shall not be subject to any waiver by player, and any attempt by a Contract Advisor to circumvent this provision shall subject the Contract Advisor to discipline under these Regulations. Nothing in this subsection shall preclude the NFLPA from disciplining a Contract Advisor who violates Section 3(B)(2) or (3), it being intended that the forfeiture of fees and/or loaned money or property be in addition to any discipline imposed under these Regulations.

## C. Existing Agreements

Any agreement in existence between an NFL player and a Contract Advisor as of the effective date of these Regulations shall be deemed modified in accordance with these Regulations, except as such agreement shall pertain to the Contract Advisor's fees for the negotiation of NFL player contracts signed on or before the effective date of these Regulations. To the extent that such existing agreement is less favorable to the NFL player than the provisions of these Regulations, these Regulations shall control insofar as they apply to the negotiation of the player's contract with an NFL club. Provisions of agreement(s) which apply to matters other than the negotiation of the player's contract (e.g., financial consulting or money management services), may be considered severable and not affected by these Regulations. Any dispute concerning the proper application of these Regulations to existing agreements shall be resolved exclusively through the Arbitration procedures set forth in Section 5 of these Regulations.

## SECTION 5: ARBITRATION PROCEDURES

### A. Disputes

This arbitration procedure shall be the exclusive method for resolving any and all disputes that may arise from the following:

(1) Denial by the NFLPA of an Applicant's Application for Certification;

(2) Any dispute between an NFL player and a Contract Advisor with respect to the conduct of individual negotiations by a Contract Advisor;

(3) The meaning, interpretation or enforcement of a fee agreement;

(4) Any other activities of a Contract Advisor within the scope of these Regulations; and/or

(5) A dispute between two or more Contract Advisors with respect to whether or not a Contract Advisor interfered with the contractual relationship of a Contract Advisor and player in violation of Section 3(B)(21). If a Contract Advisor proves such a violation of Section 3(B)(21), then the Arbitrator shall award reasonable damages proven and/or any money award which he/she deems equitable.



(With respect to any dispute that may arise pursuant to paragraph (1) above, the procedure for filing an appeal and invoking arbitration is set forth in these Regulations at Section 2(D). Once arbitration has been invoked, the procedure set forth in Section 5(E)-(H) below shall apply.)

## B. Filing

The arbitration of a dispute under Section 5(A)(2)-(5) above shall be initiated by the filing of a written grievance either by the player or Contract Advisor. Any such grievance must be filed within six (6) months from the date of the occurrence of the event upon which the grievance is based or within six (6) months from the date on which the facts of the matter become known or reasonably should have become known to the grievant, whichever is later. A player need not be under contract to an NFL club at the time a grievance relating to him hereunder arises or at the time such grievance is initiated or processed.

A player may initiate a grievance against a Contract Advisor by (i) sending the written grievance by prepaid certified mail to the Contract Advisor's business address or by personal delivery at such address, and (ii) sending a copy to the NFLPA. A Contract Advisor may initiate a grievance against a player or Contract Advisor by (i) sending a written grievance by prepaid certified mail to the player or Contract Advisor or by personal delivery of the grievance to the player or Contract Advisor, and (ii) sending a copy to the NFLPA. The written grievance shall set forth the facts and circumstances giving rise to the grievance, the provision(s) of the agreement between the player and Contract Advisor alleged to have been violated, if applicable, and the relief sought. In addition, a properly and fully completed Section 5 Grievance Notification Form (Attached as Appendix F) shall be attached to the written grievance and sent to the respondent, with a copy to the NFLPA.

## C. Answer

The party against whom a grievance has been filed ("the respondent") shall answer the grievance in writing by certified mail or personal delivery to the grievant and the NFLPA within twenty (20) calendar days of receipt of the grievance. The answer shall admit or deny the facts alleged in the grievance and shall also briefly set forth, where applicable, the reasons why the respondent believes the grievance should be denied. No later than thirty days (30) after receipt of the grievance, the NFLPA shall provide the Arbitrator with copies of the grievance and answer and all other relevant documents. If an answer is not filed within this time limit, the Arbitrator, in his/her discretion, may issue an order where appropriate, granting the grievance and the requested relief upon satisfactory proof of the claim.

## D. Arbitrator

The NFLPA shall select a skilled and experienced person to serve as the outside impartial Arbitrator for all cases arising hereunder. The Committee on Agent Regulation and Discipline ("CARD") may, at its discretion, appoint up to two (2) additional arbitrators so as to create a panel of three (3) arbitrators to hear cases arising hereunder.

## E. Hearing

After receipt of the grievance documents pursuant to this Section 5(C), or receipt of an appeal of a denial of Certification pursuant to Section 2(D), the Arbitrator shall select a time and place for a hearing on the dispute, giving due consideration to the convenience of the parties involved and the degree of urgency for resolution of the dispute. Upon written request from either party prior to the hearing, the NFLPA shall provide the parties copies of



documents in its possession which are relevant to the dispute. These documents shall include but not be limited to NFL Player Contracts, other salary information, and Standard Representation Agreements. The Arbitrator may, at his/her discretion, order discovery in disputes between Contract Advisors filed pursuant to Section 5(A)(5).

The hearing shall be conducted in accordance with the Voluntary Labor Arbitration Rules of the American Arbitration Association. At such hearing, all parties to the dispute and the NFLPA will have the right to present, by testimony or otherwise, any evidence relevant to the grievance. If a witness is unavailable to come to the hearing, the witness' testimony may be taken by telephone conference call at the discretion of the arbitrator. All hearings shall be transcribed. At the close of the hearing or within thirty (30) days thereafter, the Arbitrator shall issue a written decision. At the hearing, the grievant shall have the burden of proving, by a preponderance of the evidence, the allegations of the grievance.

Such decision shall constitute full, final and complete disposition of the grievance, and will be binding upon the player and Contract Advisor involved; provided, however, that the Arbitrator will not have the jurisdiction or authority to add to, subtract from, or alter in any way the provisions of these Regulations or any other applicable document. If the Arbitrator grants a money award, it shall be paid within ten (10) days. The Arbitrator may award interest at his/her discretion.

### F. Telephone Conference Call Hearings

Any hearing conducted pursuant to the provisions of this Section in which the amount in dispute is less than $10,000 shall be conducted via telephone conference call if any party so requests.

### G. Costs

Each party will bear the costs of its own witnesses and counsel. Costs of arbitration, including the fees and expenses of the Arbitrator, will be borne by the NFLPA; provided, however, that the Arbitrator may assess some or all of a party's costs to an opposing party if the Arbitrator deems a party's position in the case to be frivolous and/or totally without merit.

### H. Time Limits

The time limits of this Section may be extended only by written agreement of the parties.

## SECTION 6: OVERSIGHT AND COMPLIANCE PROCEDURE

### A. Disciplinary Committee

The President of the NFLPA shall appoint a three to five person Committee on Agent Regulation and Discipline ("CARD" or "the Committee") which may prosecute disciplinary procedures against Contract Advisors who violate these Regulations. Any action taken shall be by a majority vote of the Committee on Agent Regulation and Discipline members. The Committee on Agent Regulation and Discipline shall consist of active or retired NFL players chosen at the discretion of the President. The General Counsel of the NFLPA shall serve as a non-voting advisor to the Committee and will serve as its Counsel in prosecuting disciplinary actions pursuant to this Section.

