IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| RONALD SLAVIN,<br><br>      Petitioner,<br>v.<br><br>AVEION CASON,<br><br>      Respondent. | ORDER FOR CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT FOR GOOD CAUSE SHOWN<br><br>Case No. 10-cv-151-wmc |

---

Based on the affidavit of Attorney Michael R. Bauer in support of motion for an order for clerk's certification of a judgment, and upon the consistent record of respondent's complete failure to dispute or defend his obligation to pay agent fees, this court makes the following findings in support of its determination that good cause has been shown for immediate certification of the default judgment entered by this court on June 1, 2010, pursuant to 28 U.S.C. § 1963:

1. On January 28, 2010, petitioner Ronald Slavin and respondent Aveion Cason entered into a settlement agreement in which Cason agreed to pay agent fees owed Slavin by February 16, 2010.

2. Upon Cason's failure to timely pay the amount agreed upon, an arbitrator rendered an order awarding Slavin the amount called for under the settlement agreement.

3. Following Cason's failure to comply with the order or to challenge it, Slavin filed this action on April 15, 2010.

4. After being duly served on that same date, Cason failed to respond and default was entered against him on May 19, 2010.

5. A formal default judgment was entered by this court on June 1, 2010.

6. The court is advised that Cason is not currently in active military service and still offers no explanation for his failure to honor or dispute the settlement agreement, arbitration award or this court's default judgment, allowing default judgment to be entered.

7. Counsel for petitioner has represented to this court by affidavit that Cason is expected to be paid by the Detroit Lions a sum sufficient to satisfy the judgment on June 30, 2010 -- one day before the thirty-day appeal deadline would run from the June 1 default judgment.

8. Given that there is little likelihood of an appeal being filed, much less succeeding, and a possibility that satisfaction of the judgment may otherwise be frustrated, the court finds petitioner has established good cause for immediate § 1963 certification.

Accordingly, IT IS ORDERED that the clerk shall provide petitioner Ronald Slavin with a certification of judgment to be registered in another district which (i) certifies and attaches a copy of the judgment entered by this court on June 1, 2010; and (ii) certifies and attaches a copy of this order finding good cause for immediate certification of the judgment before expiration of respondent's time to appeal pursuant to 28 U.S.C. § 1963.

Entered this 16th day of June, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge